UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| **MARLO MCCRARY**, *on behalf of herself and all others similarly situated*,<br><br>            *Plaintiff*,<br>v.<br><br>**ADT SOLAR LLC**,<br><br>            *Defendant*. | Civil Case No.: 2:22-cv-2364<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. This action arises out of Defendant, ADT Solar LLC's, f/k/a Marc Jones Construction, L.L.C. f/d/b/a SunPro Solar ("ADT Solar" or "Defendant"), practice of making pre-recorded and other telemarketing calls to consumers *without their consent* in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. In late 2021, ADT acquired Sunpro Solar, a solar marketing and residential installation company operating in 22 states, for $160 million in cash and approximately 77.8 million shares of ADT common stock.

3. ADT rebranded Sunpro Solar as ADT Solar following the acquisition.

4. ADT Solar markets and installs solar panel systems for residential properties.

5. To market its solar panel systems, ADT Solar relies on live and prerecorded unsolicited telemarketing.

6. Plaintiff Marlo McCrary ("Ms. McCrary") received ADT Solar's calls and repeatedly asked that they stop.

7. At all times relevant to this Complaint, Ms. McCrary owned a cellular telephone, the phone number for which was 316-XXX-3632 (the "cellular telephone")

8. Ms. McCrary registered her phone number on the National Do-Not-Call Registry on August 28, 2021.

9. Ms. McCrary's telephone number was registered on the National Do-Not-Call Registry for more than 31 days at the time she received the calls at issue.

10. Accordingly, Ms. McCrary brings this TCPA action on behalf of herself and three classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and 227(c).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

12. This Court has jurisdiction over ADT Solar because ADT Solar regularly conducts business transactions in this District and has committed tortious acts in this District. ADT Solar also purposefully directed its telemarketing activities at residents within this District.

13. Venue is proper in this District because ADT Solar conduct significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

14. Ms. McCrary is, and at all times mentioned herein was, a citizen and resident of Wichita, Kansas.

15. Ms. McCrary is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. ADT Solar is, and at all times mentioned herein was, a Louisiana limited liability company headquartered at 128 Northpark Blvd., Covington, Louisiana 70433.

17. ADT Solar is registered to do business in Kansas (Reg. No. 5283494) and may be

served at C T Corporation System, 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

18. ADT Solar is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL FACTUAL ALLEGATIONS

19. ADT Solar, or someone acting on its behalf and at its direction, makes both prerecorded and live unsolicited, telemarketing calls marketing its solar panels and installation services to consumers.

20. These telephone calls come from various telephone numbers, including but not limited to 316-396-6164, 316-389-2795, 316-396-6130, 316-389-3738, and 316-830-4342.

21. Upon calling back at least one of these numbers used by ADT Solar to place telemarketing calls, a recording states: "Thank you for calling ADT Solar."

22. Upon information and belief, some of the phone numbers used by ADT to place telemarketing calls are "spoofed" with a Kansas area code to make the incoming call appear as though the call is from a local source.

23. Upon information and belief, ADT Solar "spoofs" certain numbers so that the recipients of ADT Solar's unwanted and unwelcome telemarketing calls will be more likely to answer ADT Solar's telemarketing calls.

24. Certain of ADT Solar's calls include prerecorded messages. Other calls are live calls.

25. These calls solicit consumers to purchase solar panel packages and installation services.

26. Upon information and belief, ADT Solar has not implemented the required policies, procedures and training required by the TCPA.

27. Upon information and belief, ADT Solar fails to honor do-not-call requests and has no policy or procedure for honoring do-not-call requests and/or does not effectively institute any such policies.

28. Numerous consumers have turned to the Better Business Bureau to complain about ADT Solar's illegal telemarketing practices.

29. For example, on August 15, 2022, one consumer complained:

> I received five unwanted calls from ADT SOLAR on Saturday, August 13th, plus an unwanted text message; I received another unwanted call from Adt Solar today on Sunday, August 14th. I block them every single time, but they literally call from a different number each time; the only reason I know it's them is because the caller ID says "**********************" every time they call. I did mistakenly answer one of their calls, but they literally did not say anything. What is the point of that?! I didn't do business with these people, I don't want to do business with these people, I do NOT appreciate these tactics, I just want them to STOP harassing me.[1]

30. On July 28, 2022, another consumer complained:

> I am getting relentless spam calls to my offices phone, at least 6 times per working day, we have counted as many as 10 in a day. When we answer, no ones there or they immediately hang up. No voicemails, no anything. Whats the point of that? So we cant even ask to be taken off the list. Its come to my attention that this is a common occurrence, being harassed this way by ADT solar. Its completely inappropriate. Weve blocked one number and it worked for a day but Im concerned theyll just use another number like they do to harass others.[2]

31. On June 8, 2022, another consumer complained:

> I've been receiving solicitation calls from Sunpro Solar 2-3 a day from multiple numbers for the past 2 months that's considered harassment. I spoke with Tyrese from Sunpro Solar last month to stop the solicitation calls which have become harassing. He said the calls would stop and I've received 2 calls this month. I've never given any authorization to give my information to any affiliates a/o

---

[1] https://www.bbb.org/us/la/mandeville/profile/solar-energy-design/adt-solar-0985-90006391/complaints (last accessed August 24, 2022).
[2] *Id.*

              subsidiaries of ADT. There's is a federal law called the Telephone Consumer Protection Act., also a law about selling,sharing,soliciting personal information. Cease and Desist any further calls from sunpro Solar and from giving, sharing, soliciting. [3]

32. On May 31, 2022, yet another consumer complained:

              This company keeps calling me Ive asked them several times to take them off their telemarketing list. They will not stop calling me please make them stop calling me. [4]

33. Also on May 31, 2022, another consumer complained:

              This business will not stop calling me. When I dont pick up, they just call back from another number. They never leave voicemails. I have blocked all of the numbers theyve previously called from, but they seem to have infinite numbers. I would like this company to stop harassing me. If I ever do choose to purchase solar panels, I will go somewhere else. Based on the number of complaints here, as well as the harassment that I and others are currently experiencing, I would not choose this company.

34. On May 12, 2022, another consumer complained:

              This company has been spam calling me at least 10 times a day, all from different phone numbers so that even when I block one number they can still call me from however many phone numbers they have. I have never looked up solar panels until I started getting these spam calls so I don't know how they got my number. This is harassment and I don't know when they will run out of phone numbers to keep calling me.

## MS. MCCRARY'S FACTUAL ALLEGATIONS

35. Ms. McCrary is the user of the cellular telephone.

36. Ms. McCrary's cellular telephone is not associated with a business and is used for personal, residential purposes.

37. Ms. McCrary received numerous automated calls from ADT Solar that played one

---

[3] *Id.*
[4] *Id.*

of the prerecorded messages described above on at least the following dates: September 5, 2021 (1 time), June 1, 2022 (5 times), June 16, 2022, June 21, 2022, June 22, 2022, June 23, 2022, July 21, 2022 (7 times), July 22, 2022 (7 times), July 23, 2022 (6 times), July 24, 2022 (3 times) .

38. The prerecorded voice calls began with a recording. The prerecorded voice on the line to hold on the line if interested in solar panels and then a live person eventually got on the line.

39. Ms. McCrary repeatedly advised the callers that she was not interested in ADT Solar's products and services and requested that ADT Solar stop calling her cellular telephone.

40. Ms. McCrary also advised the callers that her number was on the National Do-Not-Call Registry.

41. Upon information and belief, ADT Solar's representatives did not stop calling Ms. McCrary as she requested, but continued to call her.

42. Ms. McCrary also attempted to block the ADT Solar telephone numbers that were calling her; however, ADT Solar continued to call Ms. McCrary using different numbers.

43. Ms. McCrary never provided prior express written consent (or any consent) to ADT Solar for these telephone calls.

44. In addition, Ms. McCrary repeatedly asked not to be called and revoked any consent that may have existed.

**DEFENDANTS' LIABILITY**

45. Because ADT Solar's calls constitute telemarketing, ADT Solar is required to obtain prior express written consent from the persons to whom ADT Solar made calls.

46. "Prior express written consent" is specifically defined by regulation as:

> [A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called</u>

<u>advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(9)(emphasis added).

47. Ms. McCrary never provided ADT Solar with any consent, written or otherwise.

48. Accordingly, each of ADT Solar's telemarketing calls to Ms. McCrary using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

49. For violations of 47 U.S.C. § 227(b), Ms. McCrary is entitled to a minimum of $500 per call.

50. Ms. McCrary is entitled to $1500 per call if ADT Solar's actions in violation of Section 227(b) and its corresponding regulations are found to be knowing or willful.

51. The TCPA also prohibits making multiple telephone solicitation calls to a telephone number on the National Do-Not-Call Registry. *See* 47 U.S.C. § 227(c)(5).

52. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

53. A listing on the National Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

54. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

55. ADT Solar repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including to Ms. McCrary's number.

56. For violations of 47 C.F.R. § 64.1200(c), Ms. McCrary is entitled to $500 per call.

57. Ms. McCrary is entitled to $1,500 per call if ADT Solar's actions in violation of Section 227(c) and its corresponding regulations are found to be knowing or willful.

58. In addition, the TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

59. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." 47 U.S.C. §§ 227 (c)(1)(A), (E).

60. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order.").

61. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

62. Specifically, these regulations require a company to institute a written policy, available upon demand, for maintaining a do not call list for calls made by or on behalf of that person or entity, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

63. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

64. ADT Solar violated this rule by not having such policies and training, and/or failing to effectively institute such policies or training, and failing to honor do-not-call requests for calls it made or that were made on its behalf including the continued calls to Ms. McCrary after she directly asked not to be contacted.

65. For violations of 47 C.F.R. § 64.1200(d), Ms. McCrary is entitled to an additional $500 per call.

66. Ms. McCrary is entitled to $1,500 per call if ADT Solar's actions in violation of Section 227(c) and its corresponding regulations are found to be knowing or willful.

67. Ms. McCrary has suffered concrete harm because of ADT Solar's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Device storage;
- Lost time tending to and responding to the unsolicited calls;
- Invasion of Privacy; and
- Nuisance.

68. These forms of actual injury are sufficient for Article III standing purposes.

69. To the extent ADT Solar is not directly liable for the calls at issue, ADT Solar is liable for each of the violating calls under one or more of the following theories of vicarious liability.

70. ADT Solar is vicariously liable for the calls placed by its agents and third-party telemarketers/lead generators because ADT Solar authorized the calls, allowed its' agents and/or third-party telemarketers/lead generators to use its tradenames, and advised the consumers that the

calls were made from ADT Solar.

71. ADT Solar knowingly accepted the benefit of its agents and/or third-party telemarketers/lead generators' contacts with consumers despite the fact that these consumers were contacted through conduct that violates the TCPA.

72. Alternatively, ADT Solar ratified the TCPA violations by knowing facts that would cause an ordinarily prudent person to inquire as to whether its agents and/or third-party telemarketers/lead generators were complying with the TCPA.

## CLASS ACTION ALLEGATIONS

73. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of three categories of proposed "Classes" as defined as follows:

### THE TCPA CLASSES

Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification: (1) Defendant (or an agent acting on behalf of Defendant) called on their telephone number; (2) using a prerecorded voice message; and, (3) for the same purpose the Plaintiff was called.

("TCPA 227(b) Class")

Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification: (1) Defendant (or an agent acting on behalf of Defendant) placed two or more calls; (2) for the purpose of encouraging the purchase of Defendant's products or services; (3) in a 12-month period; and, (4) when the telephone number to which the calls were made was on the National Do-Not-Call Registry at the time of the calls.

("TCPA 227(c) Class")

Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification: (1) Defendant (or an agent acting on behalf of Defendants) placed two or more calls; (2) for the purpose of encouraging the purchase of Defendant's products or services; (3) in a 12-month period; and, (4) the recipient of the call advised Defendant (or an agent acting on behalf of Defendant) that they no longer wished to receive such calls.

("TCPA Policy Class")

(The TCPA 227(b) Class, the TCPA 227(c) Class and the TCPA Policy Class are collectively referred to herein as the "Classes.")

74. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

75. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

76. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its calls;
   b. The telephone numbers to which Defendant placed its calls;
   c. The telephone numbers for which Defendant had prior express written consent;
   d. The telephone numbers for which Defendant received opt-out requests and/or do-not-call requests;
   e. The purposes of such calls; and
   f. The names and addresses of Class members.

77. Upon information and belief, the Classes are comprised of hundreds, if not thousands, of individuals.

78. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a. Whether Defendant (or someone acting on its behalf) used a prerecorded voice in placing its calls;

    b. Whether Defendant (or someone acting on its behalf) obtained prior express written consent before placing its calls;

    c. Whether Defendant (or someone acting on its behalf) makes solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

    d. Whether Defendant (or someone acting on its behalf) made solicitation calls to telephone numbers after being advised to stop calling said numbers;

    e. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and,

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

79. Ms. McCrary is a member of the Classes in that Defendant placed prerecorded and live telemarketing calls to her phone.

80. Ms. McCrary's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

81. Ms. McCrary and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

82. Ms. McCrary has no interests antagonistic to, or in conflict with, the Classes.

83. Ms. McCrary will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

84. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

85. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

86. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

87. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the TCPA 227(b) Class)**

88. Ms. McCrary and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

89. Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone calls to her and TCPA 227(b) Class Members' telephone numbers without prior express written consent.

90. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

91. Defendant has therefore violated 47 U.S.C. § 227(b).

92. As a result of Defendant's unlawful conduct, Ms. McCrary and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

93. Ms. McCrary and TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA 227(c) Class)**

94. Ms. McCrary and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

95. Defendant made, or had made on its behalf, telephone solicitations to Ms. McCrary's and TCPA 227(c) Class Members' telephone numbers.

96. Ms. McCrary's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

97. Ms. McCrary and TCPA 227(c) Class Members each received two or more such calls in a 12-month period.

98. Ms. McCrary and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

99. Ms. McCrary and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**THIRD CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the TCPA Policy Class)**

100. Ms. McCrary and the proposed TCPA Policy Class incorporate the foregoing allegations as if fully set forth herein.

101. The TCPA requires any party that is engaged in telemarketing institute and maintain a written internal do-not-call policy. 47 C.F.R. § 64.1200(d).

102. Defendant violated the TCPA by not having sufficient internal do-not-call policies, by not following or honoring the policies it did have, and/or by not sufficiently ensuring that those making calls on its behalf did the same—including by failing to actually honor do-not-call requests made by Ms. McCrary and other members of the TCPA Policy Class.

103. As a result of these violations, Ms. McCrary and the TCPA Policy Class Members were damaged by Defendant's violations, in that they received non-privileged and unsolicited telemarketing calls that invaded their privacy.

104. Ms. McCrary and TCPA Policy Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

105. Ms. McCrary and TCPA Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. McCrary, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Ms. McCrary as the representative of the Classes and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §§ 227(b) and 227(c);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in

the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Ms. McCrary requests a trial by jury of all claims that can be so tried.

Dated:  September 15, 2022                         */s/ Christopher E. Roberts*
                                                   Christopher E. Roberts #24528
                                                   **Butsch Roberts & Associates LLC**
                                                   231 S. Bemiston Ave., Suite 260
                                                   Clayton, Missouri 63105
                                                   Tel: (314) 863-5700
                                                   Fax: (314) 863-5711
                                                   croberts@butschroberts.com

                                                   Max S. Morgan, Esquire
                                                   Eric H. Weitz, Esquire
                                                   **THE WEITZ FIRM, LLC**
                                                   1515 Market Street, #1100
                                                   Philadelphia, PA 19102
                                                   Tel: (267) 587-6240
                                                   Fax: (215) 689-0875
                                                   max.morgan@theweitzfirm.com
                                                   eric.weitz@theweitzfirm.com
                                                   (*Pro Hac Vice* to be filed)